UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
DWAYNE SMITH,

                Plaintiff,                **MEMORANDUM & ORDER**

    -against-                             04-CV-2663 (ILG) (RER)

CITY OF NEW YORK, et al.,

                Defendants.
------------------------------------------------X

**RAMON E. REYES, JR., U.S.M.J.:**

Before the Court are the parties' cross motions to compel further responses to interrogatories pursuant to Fed. R. Civ. P. 37. For the reasons which follow, the cross motions are granted in part and denied in part.

Plaintiff seeks further responses to interrogatories 2-11, 13, and 17-24 , contending that defendants' responses thereto "are deficient in that [they] do not sufficiently describe the documents referred to so as to permit plaintiff[] to locate and identify the specific records from which the answer may be ascertained" and they "fail to adequately explain why [the interrogatories] can not be answered by the various defendants." 6/12/06 letter from Patrick O'keke to Susan P. Scharfestein at 1. After careful review of these interrogatories, the responses thereto, and the parties' opposing contentions regarding the deficiencies and adequacies of the responses, the Court finds that defendants' responses to interrogatories 2, 4, 5, 6, 10, 11, and 18-22 are deficient for at least two reasons.[1]

---

[1] Technically, defendants' objections to plaintiff's interrogatories are untimely, and therefore they have been waived. *E.g., Bowne of New York City, Inc. v. AmBase Corp.,* 150 F.R.D. 465, 489 (S.D.N.Y. 1993) (failure to respond or object to discovery request in timely manner waives any objection which may have been available); Fed. R. Cvi. P. 33(b)(4)**.** Plaintiff served his interrogatories by certified mail on April 20, 2006, and therefore, defendants'

First, to the extent that defendants have responded to these interrogatories by identifying each and every document they produced to date, such responses are inadequate. While a party may respond to interrogatories by identifying documents which contain the information sought, *see* Fed. R. Civ. P. 33(d), the "specifications of documents to be produced [in response to an interrogatory] shall be in sufficient detail to permit the interrogating party to locate and identify the records *and to ascertain the answer as readily as could the party from whom discovery is sought*," Local Civil Rule 33.1(a) (emphasis added). Here, given the breadth of the information sought by plaintiff and the fact that the interrogatories call for information which is most likely in the sole possession of defendants, defendants are in a much better position than plaintiff to comb through the 82 pages of documents to ascertain the specific answers to each interrogatory. Thus, defendants must serve amended responses to the aforementioned interrogatories which specifically identify the precise page(s) of the documents which contain each item of information sought by the respective interrogatories, if not identify the information in the body of the amended response.

Second, to the extent that defendants have refused to provide substantive answers to each of the interrogatories, and instead contend that there is "a more practical method of obtaining the information sought," presumably by deposition, their responses are deficient and their objections are overruled.[2] While it is true that a party can object to an interrogatory on the ground that there

---

responses were due on May 25, 2006 at the latest. *See* Fed. R. Civ. P. 33(b)(3); Local Civil Rule 6.4; Fed. R. Civ. P. 6(e). Defendants' responses and objections, however, were not served until June 7, 2006. The Court does not, however, base its ruling on the fact that defendants' responses were untimely.

[2] For example, defendants object to interrogatory 18, which asks "[w]ere any of the charges on which the plaintiff was arrested for, subsequently dismissed, or was there a decline to

is a more practical way of obtaining the information sought, discovery requests "shall be read reasonably in the recognition that *the attorney serving them generally does not have the information being sought and the attorney receiving them generally does have such information or can obtain it from the client*," Local Civil Rule 26.7 (emphasis added). Here, it seems a simple matter for defendants' counsel to consult with defendants to ascertain substantive responses to many of the interrogatories, especially in light of the fact that some substantive responses appear in counsel's letter to the Court in opposition to plaintiff's motion to compel.[3] Further, depositions are expensive propositions and verified answers to interrogatories can be a much more efficient way to obtain the evidence sought. To the extent that plaintiff's interrogatories are improperly worded and seek long narratives, defendants are permitted merely to identify individuals with knowledge of the subject matter of the interrogatory, or who participated in the conduct to which the interrogatory is addressed, or specifically identify and produce responsive documents containing the information sought.[4] Defendants need not engage in long narratives in response to plaintiff's interrogatories. The remainder of plaintiff's interrogatories are improper and are better subjects for deposition testimony if at all.

---

prosecute? If so state the name, or other means of identification, of the person who dismissed or declined to prosecute the plaintiff . . ." Defendants contend, inter alia, that "there is a more practical method of obtaining the information sought."

[3] Of course, a letter from an attorney is not a sufficient substitute for verified answers to interrogatories.

[4] For example, interrogatory 2 can properly be read as "Identify all persons who participated in making the decision to arrest and seek criminal complaints against the plaintiff of September 30, 2003," rather than "Did you participate in making a decision to arrest and seek criminal complaints against the plaintiff on September 30, 2003, and what were the basis for the complaints."

3

Defendants seek further responses to interrogatories 4-7, 14, and 15,[5] contending that plaintiff has put the subject matter of such interrogatories at issue and further that he has no basis to not respond fully to such inquiries. Plaintiff has not responded to defendants' contentions beyond arguing that defendants failed to raise their specific contentions with regard to the purported inadequacy of plaintiff's discovery responses prior to raising the issue with the Court, and therefore failed to satisfy their "meet and confer" requirement. Defendants contend that they "attempted to confer in good faith with plaintiff's counsel before raising these issues with the Court," but have not submitted any letter they may have sent to plaintiff containing specific issues in regard to plaintiff's inadequate discovery responses. Notwithstanding plaintiff's contention, the Court will address the substance of defendants' motion to compel.

After careful review of these interrogatories and the responses thereto, the Court finds that plaintiff's responses to interrogatories 4-7, 14, and 15 are deficient and must be supplemented. Plaintiff has put the substance of interrogatories 4-7 directly at issue in this case, and therefore must respond fully to these interrogatories. While the substance of interrogatory 14 (plaintiff's criminal convictions) and interrogatory 15 (information regarding other lawsuits) may not be "at issue," the information sought may lead to the discovery of admissible impeachment evidence, Fed. R. Evid. 608, or evidence undercutting plaintiff's damages claims. Given the liberal standard for discovery, plaintiff should respond to these interrogatories in full.

---

[5] These interrogatories seek the identification of (1) plaintiff's alleged physical and emotional pain and suffering, (2) information regarding plaintiff's claim for lost income, damage to property and loss to professional opportunities, (3) information concerning convictions post-dating the incident giving rise to this lawsuit, and (4) any other lawsuits to which plaintiff is a party.

Conclusion

The parties' cross motions to compel are granted in part and denied in part. Within thirty days the parties shall serve amended *verified*[6] responses to the various discovery requests as discussed above. All relevant dates in the consent scheduling order are extended an additional 90 days.

**SO ORDERED.**

Dated: Brooklyn, New York
August 29, 2006

/s/
RAMON E. REYES, JR.
United States Magistrate Judge

---

[6] In addition, to the extent defendants have not yet served verified responses to their original interrogatory responses, as they promised to do in their letter to the Court, they must do so within thirty days.